Díaz, Demandante y Apelado, *v*. The Porto Rico Railway, Light and Power Company, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Distrito Primero, en pleito sobre daños y perjuicios (moción sobre desestimación de apelación).

No. 2983.—Resuelto en abril 3, 1923.

Desestimación de Apelación—Diligencia o Buena Fe en la Tramitación del Recurso.—El mero hecho de que después de radicado el escrito de apelación el apelante obtuviera cinco prórrogas de 30 días para radicar la exposición

del caso y que no haya radicado la transcripción en la Corte Suprema, no demuestra por si solo la falta de diligencia o mala fé que es necesario probar para que pueda desestimarse una apelación de acuerdo con el artículo 59 del reglamento del Tribunal Supremo.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. J. H. Brown.*

Abogados del apelado: *Sres. E. Rincón* y *L. Vizcarrondo.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Esta es una moción para desestimar una apelación en la que está envuelta la interpretación de la regla 59 del reglamento de esta corte, la cual es como sigue:

"Expirado el término de noventa días desde la fecha en que se presentare el escrito de apelación, y no obstante las prórrogas concedidas por la corte inferior, el tribunal a discreción podrá desestimar una apelación que no haya sido anteriormente registrada en este tribunal, mediante moción presentada al efecto, si se probare satisfactoriamente que el apelante no ha proseguido su apelación con la diligencia debida o de buena fe, o que tal apelación es frívola."

Los hechos principales en los cuales se funda el apelado son que después de radicar la apelante el escrito de apelación obtuvo cinco prórrogas de treinta días cada una para radicar la exposición del caso en la corte inferior y que la transcripción de autos aún no ha sido archivada en esta corte. Ninguna otra falta de diligencia o mala fe ha sido imputada o probada. Sin considerar, por tanto, las excusas de la apelante, la cuestión es si estas contínuas prórrogas constituyen negligencia. La cuestión no parece ser nueva. En el caso de *Vega et al.* v. *Rodríguez,* 19 D. P. R. 1003, resolvimos al considerar la regla 59, que cuando la corte ordenaba que se hicieran enmiendas a una exposición no podía considerarse negligente al apelante, y que el mero transcurso de noventa días no era suficiente. El caso de *Belaval* v. *Todd,* 21 D. P. R. 441, fué uno en el cual habiendo sido interpuesta la apelación en mayo 24 de 1914, el apelante no solicitó las notas taquigráficas hasta junio 8, y no insistió

en obtenerlas hasta el mes de septiembre, después de las vacaciones, solicitando entonces una nueva prórroga. Este tribunal resolvió que había sido desplegada poca actividad, pero que los hechos no revelaban negligencia, citando el caso de *Vega* v. *Rodríguez, supra.* El caso de *Bird* v. *Sucesión de López,* 22 D. P. R. 169, se pronuncia en el mismo sentido.

Bajo estas circunstancias, la moción de desestimación debe ser declarada sin lugar.

*Sin lugar la moción.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.